UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE A. MOTT,<br><br>     Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>     Defendant. | CASE NO. 12-cv-5380-RJB-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR COSTS AND ATTORNEY'S FEES<br><br>Noting Date: March 28, 2014 |

  This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter comes before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA"), and for costs pursuant to 28 U.S.C. § 1920; and has been fully briefed (*see* ECF Nos. 25, 26, 27).

After considering and reviewing the record, including plaintiff's Application for Costs and Fees, and the attached time and expense sheet (*see* ECF No. 25), the Court concludes that the results obtained by plaintiff's counsel were not excellent results. Although the ALJ erred at step five of the five-step sequential disability evaluation process, the Court found no harmful error in the ALJ's review of the medical evidence; plaintiff's credibility or plaintiff's residual functional capacity,. Therefore, the requested fees in full are not reasonable. As discussed below, plaintiff's motion for fees should be granted in part.

Plaintiff voluntarily reduced the amount of compensation for attorney's fees requested by 25%, acknowledging that "the relief granted in this case was limited in scope" (*see* Second Declaration of Eitan Kassel Yanich, ECF No. 27-1, p, 2). However, this reduction is not sufficient, and the fees should be reduced more as discussed herein.

Plaintiff's request for $350 in costs and $25.62 in expenses should be granted in full.

BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision denying benefits on April 27, 2012 (*see* ECF No. 1). In plaintiff's Opening Brief, she raised the following issues: (1) whether or not the ALJ erred in her review of the medical evidence; (2) whether or not the ALJ erred in her review of plaintiff's testimony; (3) whether or not the ALJ erred in her review of plaintiff's residual functional capacity ("RFC"); and (4) whether or not the ALJ erred at step five by relying on an improper RFC that did not include all of plaintiff's limitations and by relying on

vocational expert testimony allegedly in conflict with the Dictionary of Occupational Titles ("DOT") (*see* ECF No. 12, pp. 2-3).

In a Report and Recommendation, this Court found that "the ALJ's findings regarding plaintiff's depression being controllable; that there was a lack of objective findings supporting her allegations of fibromyalgia; and that her fibromyalgia was treated conservatively, all are findings supported by substantial evidence in the record as a whole; [h]owever, after finding that plaintiff could not perform her past relevant work, the ALJ failed to recognize or resolve a conflict between the information in the Dictionary of Occupational Titles and the vocational expert's testimony regarding other jobs in the national economy that plaintiff could have performed" (*see* Report and Recommendation on Plaintiff's Complaint ("R&R"), ECF No. 15, p. 2; *see also* Order adopting Report and Recommendation, ECF No. 22). Because the Court also found that this error was not harmless error, this Court recommended reversal and remand for further consideration by the Administration (*see id.*).

On June 20, 2013, plaintiff objected to the Court's R&R, raising issues already raised in her Opening and/or Reply brief (*see* Order Adopting R&R, ECF No. 22, p. 2; *see also* ECF Nos. 12, 14). The Court concluded that the "magistrate judge carefully and thoroughly analyzed the facts according to the proper legal standard at Steps 1, 2, 3, and 4;" concurred with the analysis in the R&R regarding the ALJ's findings, and found plaintiff's objections to be without merit (*see* Order Adopting R&R, ECF No. 22, p. 2).

After adopting the finding that the ALJ had conducted properly steps 1 through 4 of the sequential disability evaluation process; the Court addressed defendant's objections

that step five was completed by the ALJ without harmful error. The Court concluded that the ALJ erroneously "concluded that the vocational expert's testimony was consistent with information contained in the DOT" (*see id.*, p. 2). In addition, the Court also concluded that "Not only did the ALJ err in concluding that the expert's testimony was consistent with the DOT, but, as a result, the ALJ failed to explain how the conflict between the vocational expert's testimony and the DOT was resolved" (*id.*, pp. 2-3).

Because the Court concluded that this error was not harmless error, the Court found defendant's objections to be unpersuasive; adopted the Report and Recommendation; reversed and remanded the matter for further consideration pursuant to sentence four of 42 U.S.C. 405(g); and closed the case (*see id.*, p. 3).

Subsequently, plaintiff filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412 ("EAJA"), and for costs pursuant to 28 U.S.C. § 1920 (*see* ECF No. 25). Defendant filed a Response, objecting to the amount of attorney's fees requested, but not objecting to plaintiff's request for $350 in costs and $25.62 in expenses (*see* Response, ECF No. 26, pp. 2-3).

### STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the administration for further consideration (*see* R&R; Order Adopting R&R, ECF Nos. 15, 22). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded that the government's position was not substantially justified, as defendant argues that plaintiff's recovery for attorney's fees should be reduced, not eliminated (*see* Defendant's Response to Plaintiff's EAJA Motion for Fees, ECF No. 26).

The Court agrees with defendant's implicit concession (*see id.*). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the step five determination regarding other work. For this reason, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433. Here, as the rate is not challenged, the issue revolves around the hours reasonably expended on the litigation. *See id.*

Here, plaintiff prevailed on the single claim of whether or not the denial of her social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the

significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435.  The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Defendant challenges whether or not plaintiff has obtained excellent results, and contends that the hours billed were not reasonably incurred litigating this matter. Therefore, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson*, *supra*, 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate," but will be considered herein.[1] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate]

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson*, *supra*, 488 F.2d at 717-19, and *Kerr*, *supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012).

Subsequent to determining "the hours reasonably expended on the litigation," *see Hensley, supra*, 461 U.S. at 435, the Court will consider any relevant *Johnson* factors "that have not been subsumed within the lodestar calculation" and determine whether or not the resultant fee should be adjusted upwards or downwards. *See Stevens*, *supra*, 2008 U.S. Dist. LEXIS 17119 at *41. These guidelines are consistent with Washington Rules of Professional Conduct 1.5.

Defendant contends that plaintiff achieved limited success, as opposed to excellent results, making a fully compensatory fee unreasonable (*see* Response, ECF No. 26, pp. 2-6). The primary contention regarding the reasonableness of plaintiff's fee request concern the fact that plaintiff raised multiple issues, however she succeeded on only one of her raised issues, and furthermore she received a remand only on the final step of the sequential disability evaluation. For the reasons discussed below, the Court agrees with defendant's contention.

The Court first notes that the reasonableness of plaintiff's fee request depends little on the specific number of pages dedicated to the decisive issue. An issue may be briefed in few pages, but can result in an excellent result, deserving of a fully compensatory fee. For this reason, the Court finds unpersuasive defendant's arguments

regarding how many pages of the briefing were dedicated to which particular issues. Similarly, the fact that plaintiff only was awarded a reversal and remand due to one issue, as opposed to multiple issues raised in the briefing, is not dispositive regarding the reasonableness of the hours incurred: For example, a litigant may dedicate only 20% of her briefing to an issue regarding medical evidence, however a reversal to review again the medical evidence often requires a re-evaluation of the entire case, including all steps of the sequential disability evaluation process.

The particular issue demanding remand in this matter herein, however, pertains to the very final step of the disability evaluation process. This fact is very important to the Court's assessment of the reasonableness of the hours incurred, given the results obtained before this Court.

Plaintiff challenged the ALJ's treatment of the medical evidence, however, after fifteen pages of discussion of the record, including the ALJ's decision, the Court concluded that the medical evidence was evaluated properly by the ALJ, and the analysis of the evidence as it pertains to steps one through four of the sequential disability evaluation process, was proper (*see* R&R, ECF No. 15, pp. 6-21). Plaintiff also challenged the ALJ's evaluation of plaintiff's credibility, but, here too, the Court found that "the ALJ provided clear and convincing reason for her failure to credit fully plaintiff's testimony and allegations" (*id.*, p. 27; *see also* pp. 21-27). Plaintiff challenged the ALJ's determination regarding plaintiff's residual functional capacity ("RFC"), however, the Court concluded "that the ALJ's determination of plaintiff's RFC includes findings based on substantial evidence in the record as a whole and is without harmful

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION FOR COSTS AND
ATTORNEY'S FEES - 9

legal error" (*id.*, p. 28). The Court adopted this R&R (*see* Order Adopting R&R, ECF No. 22, p. 2).

After concluding that the ALJ had not committed any harmful legal error in the first four steps of the sequential disability evaluation process, the Court proceeded to address plaintiff's contention regarding the last and final step of the sequential disability evaluation process. The Court has concluded that the ALJ erroneously "concluded that the vocational expert's testimony was consistent with information contained in the DOT" (*see id.*, p. 2). In addition, the Court also concluded that "[n]ot only did the ALJ err in concluding that the expert's testimony was consistent with the DOT, but, as a result, the ALJ failed to explain how the conflict between the vocational expert's testimony and the DOT was resolved" (*id.*, pp. 2-3).

Although it is not impossible for plaintiff to succeed in her claim for benefits following remand of this matter, many of the findings by the ALJ when making her determination regarding non-disability have been upheld and will not necessarily be changed or disturbed following remand of this matter, such as the credibility assessment. This is very far from an excellent result.

When assessing EAJA fee petitions, the Court should look to "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435. Here, as discussed, the Court has concluded that the significance of the overall relief is small.

Plaintiff voluntarily reduced the amount of compensation requested by 25%, acknowledging that "the relief granted in this case was limited in scope" (*see* Second

Declaration of Eitan Kassel Yanich, ECF No. 27-1, p, 2). Defendant contends that the 25% reduction is insufficient and results in an unreasonable request for compensation for hours not reasonable expended on this matter. Defendant contends that "a reduction from 30.4 hours to 15 hours for briefing adequately accounts for the fact that the Court rejected the majority of Ms. Mott's briefing and [plaintiff] achieved success on only the narrowest of issues" (*see* Response, ECF No. 26, p. 6).

After considering the record as a whole and the results obtained, the Court finds that a reduction to 18 hours is appropriate in this matter..

Defendant also contends that plaintiff's request for $258.02 for 1.4 hours of mailing correspondence is unreasonable because this is a clerical task (*see* ECF No. 26, p. 6). Defendant contends in part that "the minimal amount of time spent – six to twelve minutes in each instance-demonstrates that these are purely clerical tasks because such a small amount of time spent on each task supports that it did not require the skills and training of an attorney to complete" (*id.*, p. 7).

Plaintiff replies that this time is properly characterized as maintaining communication with his client, and was not simply the mailing of correspondence (*see* Reply, ECF No. 27, pp. 5-6). Plaintiff argues that an attorney is required to maintain communication with his client (*see id.*). Plaintiff also argues that the "fact that [plaintiff]'s attorney [maintained communication with his client] in as little time as possible, mostly in increments of one-tenth of an hour, does not prove that this was mere clerical work" (*see id.*). The Court finds plaintiff's arguments persuasive. No reduction is warranted for the 1.4 hours maintaining communication with the client.

Finally, defendant argues that plaintiff should not be awarded "fees for fees" for responding to defendant's objections to her motion for fees (*see* ECF No. 26, p. 8). Defendant contends that plaintiff could have explained her proposed 25% reduction better, and should not be rewarded for increasing the amount of time expended on this matter (*see id.*). This argument is not persuasive.

The Court does not find that plaintiff's actions increased the time expended on this matter and concludes that time incurred defending the fee petition is reasonable. Although plaintiff's attorney declares that he incurred 3.6 additional hours reviewing the file, and researching and drafting the EAJA reply brief, declaration and proposed order, he requests only 3.0 hours of time defending the fee petition. This is reasonable.

Finally, the Court again notes that defendant does not oppose plaintiff's request for $350 in costs and $25.62 in expenses (*see* ECF No. 26, pp. 1-2). These costs and expenses are reasonable and plaintiff's motion for these amounts should be granted.

Regarding the *Johnson* factors, *see supra*, n.1, the Court does not find that any adjustment is required on the basis of these factors, as discussed briefly below.

Regarding time, labor and the experience of the attorney, the first and ninth factors referenced regarding determining the amount of reasonable attorney's fees in *Johnson*, *supra*, 488 F.2d at 717-19, *see also supra*, n.1, and adopted by the Ninth Circuit in *Kerr*, *supra*, 526 F.2d at 70, plaintiff was represented by Eitan Kassel Yanich, an attorney experienced in Social Security matters. Counselor Yanich indicated that time expended on this matter included, among other things, multiple communications with plaintiff, reviewing the administration's decision, the administrative record, preparing the

complaint; drafting the opening brief and reply brief; reviewing notices and other case management tasks; reviewing the R&R and judgment; and, drafting the petition for costs and fees (*see* plaintiff's Motion, ECF No. 23, Attachment 3).

Regarding the novelty and difficulty of the questions involved and the skill required in order to perform the legal service properly, the second and third factors considered in *Johnson* and *Kerr*, *see also supra*, n.1, this case involved knowledge of social security disability law as well as knowledge of the administrative appeal process before the Social Security Administration. *See Johnson, supra*, 488 F.2d at 717-19; *see also Kerr, supra*, 526 F.2d at 69-70. Therefore, specialized knowledge and skill were required for the prosecution of this matter and plaintiff's counsel has the requisite experience and knowledge and is deserving of the full EAJA hourly rate.

The fourth factor considered in *Johnson*, *supra*, 488 F.2d at 717-19, *see also supra*, n.1, and adopted by the Ninth Circuit in *Kerr*, is the preclusion of other employment by the attorney due to acceptance of the case. *See Johnson, supra*, 488 F.2d at 717-19, *see also Kerr, supra*, 526 F.2d at 69-70. Although plaintiff's counsel could not work on other cases while working on this matter, the extent to which plaintiff's attorney was precluded from other work does not appear to be any greater in this particular matter than occurs with the acceptance of any case.

Regarding the customary fee and awards in similar cases, the fifth and twelfth *Johnson* and *Kerr* factors, the requested fee is not outside the range of the amount of attorney's fees generally awarded in cases of this type. *See Johnson, supra*, 488 F.2d at

1  717-19, *see also Kerr, supra*, 526 F.2d at 69-70. In addition, defendant has not

2  challenged the hourly rate requested by plaintiff, which complies with the EAJA.

3      Regarding whether the fee is fixed or contingent, and the time limitations imposed

4  by the client or the circumstances, the sixth and seventh *Johnson* and *Kerr* factors, these

5  factors here do not have much relevance to the determination of whether or not the

6  requested fee is reasonable. *See Johnson, supra*, 488 F.2d at 717-19, *see also Kerr, supra*,

7  526 F.2d at 69-70.

8      Regarding the eighth factor of the amount involved and the results obtained,

9  plaintiff here did not obtain excellent results, but this already has been accounted for in

10  this R&R.

11      Regarding the tenth and eleventh factors, this case does not appear to have been

12  either desirable nor undesirable, and the nature and length of the professional relationship

13  with the client also does not appear to be relevant to the determination of whether or not

14  the requested fee is reasonable.

## CONCLUSION

    Plaintiff's request for $350 in costs and $25.62 in expenses should be granted.

    Plaintiff should be awarded attorney's fees for 18 hours of the initial litigation, including preparation of the EAJA motion, and for 3 hours replying to defendant's challenge to her EAJA motion, for a total of $3,870.72 ($184.32/hr), pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees are not subject to any offset, or if there is a remainder after an offset, the check for EAJA fees shall be made payable to plaintiff's counsel, either by direct deposit or by check payable to him. Payment of this award shall be sent to plaintiff's attorney at Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E, Suite 321, Olympia, WA 98501.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 28, 2014, as noted in the caption.

Dated this 6th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION FOR COSTS AND
ATTORNEY'S FEES - 15